IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alexandra Grinston, | : | |
| | | Civil Action No. 2:13-cv-00454 |
| Plaintiff, | : | |
| | | Judge Watson |
| vs. | : | |
| | | Magistrate Judge King |
| Medco Health Solutions, Inc., *et al.*, | : | |
| | | Agreed Protective Order |
| Defendants. | : | |

**AGREED PROTECTIVE ORDER**

WHEREAS, the parties in this litigation may produce in discovery documents, and information contained therein, that may contain trade secrets, or sensitive commercial, personnel, financial or proprietary business information; and

WHEREAS, the parties are interested in permitting discovery to proceed without delay occasioned by possible disputes regarding the confidential nature of certain information;

NOW, THEREFORE, upon good cause shown, and upon consent of the parties, it is hereby ORDERED THAT:

A.  If a party in good faith believes that any written, recorded or graphic material, tangible items or any other form of information it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains trade secrets or sensitive commercial, personnel, financial or proprietary business information, or employee personal information, it may designate such material as Confidential either by stamping the word "Confidential" on the document, by stamping "Confidential" on the cover page to such material, by any other means provided for in this Protective Order, or by other reasonable method as agreed to by the parties.  (Material designated as required by this Protective Order is hereinafter referred to as "Confidential Material.")  Materials

designated as Confidential and all writings, including court papers, which quote from, summarize or comment upon any such materials shall be treated by the recipients as confidential as set forth hereinafter and used solely for the prosecution or defense of this action (including any appeals).

B.  All depositions, including any document marked as an exhibit or otherwise appended to the deposition, if designated as "Confidential" by either party or a third party deponent within 72 hours after receipt of a deposition transcript, shall be treated as confidential under the terms of this Protective Order.  During the 72-hour period, all transcripts and the information contained therein will be deemed to be confidential in their entirety under the terms of this Protective Order.  Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential.  The party taking the deposition shall retain the original transcript until such time as the filing of the transcript is required by the Court or desired by a party.

C.  All interrogatory answers, or other responses to pretrial discovery requests, designated by either party as "Confidential" shall be delivered to the counsel for the party propounding said request without being filed with this Court unless said filing is subsequently ordered by this Court or desired by a party.

D.  1.    No Confidential Material may be disclosed to any person except the following:

    a.    the parties, counsel of record for the parties, and counsel's employees;

    b.    outside experts and consultants working with counsel as counsel, in good faith, requires to provide assistance in the conduct of this action;

    c. such officers, directors, partners, or employees of the parties as counsel, in good faith, requires to provide assistance in the conduct of this action;

    d. the Court (including court reporters, stenographic reporters and other court personnel);

    e. witnesses in the course of pretrial or trial proceedings; and

    f. any other person as to whom the producing party agrees in writing (or as provided for in paragraph I hereof).

  2. Before making disclosure of Confidential Material to outside experts or consultants, the party must obtain an agreement in writing, in the form attached as Exhibit A, from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Material for any purpose other than this litigation and will return to counsel at the earlier of the end of his or her involvement in, or the conclusion of, the litigation all Confidential Material that has been provided to him or her and all copies thereof.  Such persons shall not make any copies of Confidential Material except as is necessary to their participation in the litigation.

  3. If one party has reason to believe that a person, to whom the other party has disclosed Confidential Material pursuant to this Protective Order, has violated any provision of this Protective Order, the party shall provide to the other party a signed statement from a representative of the party setting forth the basis for its good faith belief that an unauthorized disclosure has been made and shall request disclosure of the identity(ies) of person(s) to whom the other party has disclosed Confidential Material pursuant to this Protective Order.  The other party shall make a

good faith determination as to whether the request is justified.  If the parties cannot agree, the dispute shall be resolved by the Court pursuant to the Federal Rules of Civil Procedure.

   E.  Notwithstanding any other provisions of this Stipulation and Protective Order, it has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Material.

   F.  Neither party shall be obligated to challenge the propriety of the designation of any Confidential Material, and a failure to do so shall not preclude any subsequent objection to such designation or any motion to seek permission to disclose such Confidential Material to persons not referred to in this Protective Order, or from otherwise modifying the provisions of this Protective Order.

   G.  Any party may at any time notify the other party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as "Confidential".  In that event, the challenging and designating parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court.  The material in issue shall continue to be treated as designated until the Court orders otherwise.  The determination of whether a document or information has been properly designated as confidential shall be made by the Court on the basis of Federal Rule of Civil Procedure 26(c), and a party or individual who seeks to have information maintained as confidential has the burden to demonstrate good cause, as provided in Rule 26(c).

   H.  If counsel for a party receiving Confidential Material desires to disclose it to any person other than those referred to in paragraph D1, such counsel shall give written notice to counsel for the designating party.  Such written notice shall specify the information counsel wishes

to disclose and the identity of each person or categories of persons to whom such disclosure is sought to be made.  In that event, the parties shall attempt to resolve the request in good faith on an expedited and informal basis.  If the request cannot be expeditiously and informally resolved, the requesting party, upon reasonable notice, may move for an order of this Court permitting the disclosure of such material to such person.  The Confidential Material shall not be disclosed unless and until the Court orders that it is non-confidential or orders that its disclosure to any such person is permissible.

      I.      Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or estop said party from designating said document or information as "Confidential" at a later date.  Disclosure of said document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order.

      J.      Throughout, and after the conclusion of, this litigation, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Confidential Material has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

      K.      Within 60 days after the final termination of this action, each party shall return to the other party all Confidential Material designated by the other party (including any such Material disclosed to third persons), except for attorneys' work product for the party returning the Material and except for any such Material that has become part of the Court record.

      L.      Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Material or otherwise

modifying this Order; and this Order may be amended without leave of Court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case. The Court may modify or amend this Order at any time, as it deems appropriate.

M. **The parties understand that should any party seek to file any materials deemed or designated to be confidential hereunder, the Court will authorize the filing of materials under seal only upon express leave of Court, upon a showing of good cause, and only to the extent necessary to preserve legitimate confidentiality issues. Any party who seeks to file, or to have the other party file, any materials under seal with the Court shall first seek leave of Court.**

In the event that leave of Court is granted, each party agrees that when filing with the Clerk of the Court any paper (including, without limitation, an affidavit, memorandum or motion) which discloses directly or indirectly any Confidential Material, such paper shall be filed only in a sealed envelope on which shall be endorsed the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Material. The envelope should not be opened or the contents thereof disclosed or revealed except by order of the Court. Violation hereof may be regarded as contempt of the Court.

All such materials so filed shall be maintained by the Clerk of Court in the sealed form in which it is submitted and shall be released only upon further order of the Court.

IT IS SO ORDERED.

July 31, 2013              _s/Norah McCann King_____
                                          Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

APPROVED:


/s/ Michel Jendretzky/per authorization LFF
Michel Jendretzky, Esq.
3400 N. High St., Suite 200
Columbus, OH 43202
(Michel@jendretzky.com)
Counsel for Plaintiff



/s/ Lawrence F. Feheley
Lawrence F. Feheley          (0012210)
Kegler, Brown, Hill & Ritter
A Legal Professional Association
65 East State Street, Suite 1800
Columbus, Ohio  43215
Telephone:  614/462-5400

Counsel for Defendants

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Alexandra Grinston, | : | |
| | | Civil Action No. 2:13-cv-00454 |
| Plaintiff, | : | |
| | | Judge Watson |
| vs. | : | |
| | | Magistrate Judge King |
| Medco Health Solutions, Inc., *et al.*, | : | |
| | | |
| Defendants. | : | |

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order entered in this action, have read same and agree to be bound by all of the provisions thereof including, without limitation, that I will not use Confidential Material for any purpose other than this litigation, will return to counsel at the earlier of the end of my involvement or the conclusion of the litigation all Confidential Material that has been provided to me and all copies thereof, and shall not make any copies of Confidential Material except as is necessary to my participation in the litigation.  I understand that violation of this Protective Order may constitute contempt of a Court Order.


Dated:_____        Name/Signature:_____

                                Address:_____

                                        _____